UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| Dennis John Hahn,<br>  Petitioner,<br><br>-v-<br><br>Jeffrey Woods,<br>  Respondent. | No. 2:16-cv-164<br><br>HONORABLE PAUL L. MALONEY |

## OPINION

On July 14, 2016, Petitioner Dennis Hahn filed a petition under 28 U.S.C. § 2254 seeking relief from a state conviction for first-degree felony murder. (ECF No. 1.) The State of Michigan filed its response on January 20, 2017. (ECF No. 7.) The magistrate judge issued an R & R on January 18, 2019, recommending that the petition be denied. (ECF No. 14.) The matter is now before the Court for de novo review of Petitioner's objections to the R & R. (ECF No. 15.)

### Statement of Facts

Hahn takes no issue with the facts as summarized by the magistrate judge. Since he lodges objections only to legal conclusions, the Court **ADOPTS** the magistrate judge's summary of the facts contained in the R & R. (ECF No. 14.)

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written

objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Discussion

Hahn asserted four grounds for relief in his § 2254 petition: (1) His right to Due Process was violated when he was visibly shackled in front of the jury on the first day of trial; (2) His right to Confrontation under the Sixth Amendment was violated by the admission of a lab results made by a non-testifying witness; and (3 & 4) he received ineffective assistance of trial and appellate counsel based on their failure to raise the foregoing issues.

### A. Shackling

Hahn first argues that his right to due process was violated when he was visibly shackled in front of the jury on the first day of his jury trial in violation of *Deck v. Missouri*, 544 U.S. 622, 630–32 (2005). However, the magistrate judge concluded that this claim failed because although Hahn was shackled, the state trial court conducted an evidentiary hearing and made a factual finding that "there is virtually no possibility that, ah, any of the jurors

2

would have observed Mr. Hahn shackled on the first day of trial." (ECF No. 14 at PageID.2177, quoting ECF No. 8-15 at PageID.1506–07.) The magistrate judge then concluded that because *Deck*'s holding is limited to cases where a defendant is ordered to wear shackles that would be seen by the jury, Petitioner's due process claim fails. (PageID.2178 (collecting authority for the proposition that "shackles must be visible to the jury before they can be considered a due process violation.").)

Now in his objections, Hahn merely persists in his claim that he *was* visibly shackled in front of the jury. However, he has not presented any evidence to challenge the state court's finding in this respect. Under AEDPA, a determination of a factual issue made by a state court is entitled to a presumption of correctness which can only be rebutted by clear and convincing evidence. *See* 28 U.SC. § 2254(e)(1). Hahn has failed to meet that burden here, so his objection will be **OVERRULED.**

### B. Confrontation Clause

The bulk of Hahn's Petition stems from an alleged violation of the Sixth Amendment's Confrontation Clause, relating to the admission of a blood test of the victim, Joel McFarlane.

McFarlane died at his mobile home on September 12, 2009. Firefighters responded to the scene because the mobile home was on fire. Inside, they discovered McFarlane lying prone, having suffered a shotgun blast that tunneled up his chest, with the pellets lodging in his neck.

While McFarlane's death was originally ruled a suicide, law enforcement later gained information that supported a different conclusion. As part of the ensuing investigation, law

enforcement requested that McFarlane's blood be analyzed, and the resulting report established that McFarlane had breathed in little or no carbon monoxide before he died.

At trial, the analyst who performed the blood test and wrote the report did not testify. Nevertheless, the jury learned that the victim had breathed little or no carbon monoxide because the written reports of the medical examiner, Dr. Iknayen, and forensic pathologist, Dr. Smith, referenced the blood test. Both witnesses also testified to the results of the blood test. Ultimately, the report was itself admitted into evidence during Dr. Iknayen's testimony. Dr. Iknayen testified that he interpreted the results of the blood test to mean, based on the carbon monoxide level, that if the victim "was alive at the time the fire was started, he wasn't alive for very long because he did not breathe in any smoke basically." (PageID.734.) Dr. Smith's conclusion was more black and white: "Mr. McFarlane was dead at the time the fire started, based on blood 'carbon monoxide' test results evaluated in the context of the incident." (PageID.1583.)

Petitioner now contends that admission of the underlying blood test violated his Confrontation Clause rights because he did not have an opportunity to cross-examine the analyst who performed the test and prepared the report. Petitioner first raised the issue in his collateral attack on his conviction in state court. The trial court rejected the argument tersely, by asserting that "most experts testifying using information that is from other sources." (PageID.1599.)

The magistrate judge also rejected the claim. The court first explored the relevant precedent, including *Crawford*, *Melendez-Diaz*, *Bullcoming*, and *Williams*. Ultimately, the magistrate judge concluded that under *Williams*, the references to the blood test results did

not violate Petitioner's right to confrontation, concluding that the report was not offered for the truth of the matter asserted under the plurality test (distinguishing the case from *Bullcoming*, 563 U.S. at 651), and lacked the indicia of formalized testimonial materials under Justice Thomas' separate test.

The magistrate judge also noted that even if Petitioner could establish a violation of the Confrontation Clause, it would not warrant relief under the prevailing harmless error standard. The court reasoned that the blood test results were consistent with both the prosecution and defendant's theories of the case: the prosecution's theory was that Petitioner killed McFarlane and then started the fire; the defense theory was that McFarlane started the fire and then killed himself. The court explained that under either scenario, the blood tests results "are just not critical to either side's theory[]" because the presence or absence of carbon monoxide could be explained under either version of events.

Petitioner's real grievance is with Dr. Smith, who claimed in his written report that the absence of carbon monoxide meant that McFarlane was dead before the fire started. However, Petitioner had ample opportunity to cross-examine Dr. Smith, and Dr. Smith did not offer the same opinion in his live testimony at trial. Accordingly, the magistrate judge concluded:

> "The only possible use of the [blood] report that could possibly have materially influenced the verdict was Dr. Smith's written report that flat-out stated the victim died before the fire was started. Petitioner's counsel had every opportunity to cross-examine Dr. Smith on that point but he did not. The likely reason for counsel's decision to *not* pursue the issue with Dr. Smith was the already favorable testimony from Dr. Iknayen."

(PageID.2186.)

In his objections to the R & R, Hahn reasserts his argument that his clearly established rights under the Confrontation Clause were violated, and that the violation was not harmless error. He focuses his argument on a supposed claim that the magistrate judge conceded that "use of the report could possibly have materially influenced the verdict." (PageID.2191.) However, Hahn distorts the conclusion of the magistrate judge, which was just quoted above. The court wrote that in view of the other evidence, including that the testimony that the victim could not physically pull the shotgun trigger to cause the fatal wound, and Petitioner's own admissions, there was overwhelming evidence that someone else shot the victim, and specifically, that the person was Hahn. In view of this conclusion, the court concluded that admission of the blood test results—which were not probative of Hahn's guilt by themselves, but only became probative through the report of Dr. Smith—was harmless error.

The Court agrees that even assuming admission of the blood report violated the Confrontation Clause, the admission was harmless error. As mentioned previously, the blood test results were compatible with either the prosecution or defense theory at trial. Thus, the fact at issue—that McFarlane did not breath carbon monoxide—had only minimal importance as to Petitioner's guilty or innocence.

In light of the body of evidence presented against Hahn, including Hahn's own contradictory versions of his contacts with McFarlane—one of which involves Hahn setting McFarlane's trailer on fire himself because of an unpaid debt, the Court cannot conclude that the alleged violation had a "substantial and injurious effect or influence" with respect to the jury's guilty verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). In other words, the jury could not have been substantially influenced to render a guilty verdict based on

6

information that McFarlane had not inhaled carbon monoxide when it also heard heard that Hahn told a friend that he had "beat the guy's ass" and lit his trailer on fire in retribution for a failure to pay a debt—a story the jury also learned that Hahn abandoned when talking to law enforcement. As the magistrate judge correctly notes, nothing in the record supports Petitioner's argument that the blood test results played even a moderate role in the prosecution's case against him. Accordingly, this objection will also be **OVERRULED.**

### C. Ineffective Assistance of Counsel

In addition to the two substantive issues previously addressed, Hahn raises ineffective assistance of counsel, claiming that his trial counsel was constitutionally ineffective for failing to raise Petitioner's claim under the Confrontation Clause. Similarly, he objects to his appellate counsel's failure to raise the confrontation clause issue—or his trial counsel's ineffective assistance of counsel for failing to do the same.

No matter how far down the rabbit hole Hahn's claims extend, the Court's finding that any error in admitting the blood test results was harmless prevents Hahn from establishing the prejudice required to demonstrate ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 667, 687–88 (1984). *Wright v. Burt*, 665 F. App'x 403, 410 (6th Cir. 2016) ("[O]ur previous analysis of Strickland prejudice applies to the assessment of whether the Confrontation Clause violation was harmless error under *Brecht*."); *Bell v. Hurley*, 97 F. App'x 11, 17 (6th Cir. 2004) ("Because we find the error to be harmless [under Brecht] Bell cannot meet the prejudice requirement of Strickland . . . ."); *Kelly v. McKee*, No. 16-1572, 2017 WL 2831019 at *8 (6th Cir. Jan. 24, 2017) ("Because Kelly suffered harmless error [under *Brecht*] at best, he cannot establish that he suffered

prejudice [under *Strickland*]."). Thus, Hahn's objections as to his ineffective assistance of counsel claims will be **OVERRULED.**

## Conclusion

Based on the foregoing, Petitioner Hahn has not established a claim for which relief may be granted, so the petition under § 2254 will be denied.

## ORDER

The Report and Recommendation is **ADOPTED** as the Opinion of the Court. Petitioner's objections are **OVERRULED.** The Petition is **DENIED.**

## Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. Here, examining Hahn's claims under the standard in *Slack*, a reasonable jurist would not conclude the Court's assessment of each of petitioner's claims to be debatable or wrong. Accordingly, Petitioner's certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Date: June 21, 2019                                                    /s/ Paul L. Maloney
                                                                       Paul L. Maloney
                                                                       United States District Judge